Eastern Dist
*Febr'y* 1829.

MORGAN'S
SYNDICS
*vs.*
FIVEASH.

The supreme court will not increase the damages assessed by a verdict.

Although a party be a resident, an agent may swear for him if he be absent.

In an affidavit to hold to bail the agent need not state he swears from his personal and direct knowledge.

*MORGAN'S SYNDICS* vs. *FIVEASH.*

APPEAL from the court of the third district.

MARTIN, J. delivered the opinion of the court. The defendant is sued for the value of a slave, drowned in cordelling a vessel of which the former was master, without the consent of the plaintiffs, owners of said slave, or any person having care of him. The general issue was pleaded: there was a verdict and judgment against the defendant, who appealed after an unsuccessful attempt to obtain a new trial.

The plaintiffs and appellees here, prayed to be relieved from an error in the verdict, by which $600 are allowed as the value of the slave, while the petition states the value to be $1000, and the testimony $1500. We think that a party who has prayed for judgment on a verdict and refuted his adversary's claim to a new trial, demands with ill grace from us that we should send the case back for the decision of another jury. For it does not belong to us to increase the damages assessed by a jury.

The defendant has complained that the cour erred in overruling his motion to have the bail

bond cancelled. He complained of the insuf- Eastern Dist.
*Feb'ry* 1829.

MORGAN'S
SYNDICS
*vs.*
FIVEASH.
ficiency of the affidavit, because it was made
by an agent, while the petition shews that the
plaintiffs reside in the city, and the agent
swears, without stating he does so on his per-
sonal and direct knowledge.

We think there is not any strength in either
objection. The justice ought not to receive
the agent's affidavit, unless in the absence of
the principal: we must presume he did his
duty, unless the contrary appear. Now the
circumstance of the plaintiffs' residence in the
city, does not preclude the possibility or pro-
bability of an occasional absence. Nobody
can or ought to swear except as to his person-
al direct knowledge.

There is a bill of exceptions to the admis-
sion of the record of the insolvents' *concurso*
in evidence. We think the court did not err.
The general issue was pleaded—the cession
was therefore to be proved, and of this the re-
cord was the best evidence.

On the merits, the defendant and appellee's
counsel shew, that from the testimony of the
plaintiff's own witness, it appears the slaves of
the plantation to which the deceased belong-

Eastern Dist.
Feb'ry, 1829.

MORGAN'S
SYNDICS
vs.
FIVEASH.

ed were permitted to earn money, by cordelling vessels; that the plaintiffs expressly state as a ground of their claim that the deceased was so employed without the knowledge or consent of the plaintiffs, or any person having care of him. The general issue has put this allegation of the petition at issue, and the jury should have found it for the defendants.

Fisher swears that sometimes the slaves were permitted to cordel vessels through the turn; witness has seen them do it and not forbidden. The negroes have been forbidden at all times during high water, and been punished for so doing at that time. On Sunday afternoon particularly, when the weather was fair, and during low water.

Kinsey, a witness of the defendant, swears that a white person (who is supposed to be the preceding witness) came on board, on the day after the accident, to enquire about the negro, who being asked why he permitted his people to track vessels at night, answered, it was the only time they had to make any thing for themselves, as they worked all day, and it was hard to be too strict with them.

Fisher being recalled, declared that he did

not make the declarations attributed to him by Kensey. He admitted he was sent on board by the overseer, and repeated that sometimes the slaves were permitted to cordell.

We have a strong doubt, whether a planter who occasionally permits his slaves to earn money by cordelling vessels may complain of their being hired for that purpose. If I at times send my servant to market without money and on being called on pay for what he purchased, I am bound if he purchases on another day on credit, even if I gave him money so to do. So, if the insolvent slaves were during part of the year permitted to cordell vessels for money, the person who hired them during a season may well say, that permission being frequently allowed he might conclude it was always so, and the restriction ought not to affect him.

As the jury have found a verdict against the defendant, we cannot in opposition to their finding discharge him; the case must therefore be remanded.

It is therefore ordered, adjudged and decreed, that the judgment of the district court be annulled, avoided and reversed; the verdict

Eastern Dist
Feb'ry 1829.

MORGAN'S
SYNDICS
vs.
FIVEASH.

Eastern Dist
*Feb'ry* 1829.

MORGAN'S
SYNDICS
*vs.*
FIVEASH.
set aside, and the case remanded for a new
trial; the plaintiff appellee paying costs of
the court.

*Hennen & Eustis* for plaintiff.—*Maybin*
for defendant.